UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SARAH BROOKE KAUFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT MCDONALD, MATT ISHBIA; JAY BRAY; TERRY SMITH; UWM; NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER; and NATIONSTAR MORTGAGE LLC D/B/A RUSHMORE SERVICING,<br><br>    Defendants. | Case No. 1:25-cv-00325-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is a Motion to Dismiss filed by Defendants Jay Bray, Chairman and CEO of Nationstar Mortgage LLC d/b/a Mr. Cooper; and Terry Smith, former CEO of Rushmore Loan Management Services ("Bray and Smith"). Dkt. 7. Also before the Court is a Motion for a More Definite Statement filed by Robert McDonald, Matt Ishbia; Jay Bray; Terry Smith; United Wholesale Mortgage ("UWM"), Nationstar Mortgage LLC d/b/a Mr. Cooper; and Nationstar Mortgage LLC d/b/a Rushmore Servicing (collectively "Defendants"). Dkt. 9.

Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in their briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motions on the record and without oral

argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court grants Bray and Smith's Motion to Dismiss (Dkt. 7) and grants Defendants' Motion for a More Definite Statement (Dkt. 9).

## II. BACKGROUND

On May 28, 2025, Plaintiff Sarah-Brooke Kauffman filed a Complaint against Defendants. Dkt. 1, Ex. A.[1] Kauffman's Complaint is difficult to understand; however, it appears Kauffman's allegations are related to the servicing of her mortgage loan. *See generally id*.

Kauffman is an individual and resident of Idaho. Defendants include Jay Bray/Nationstar/Mr. Cooper, an individual and resident of Texas; Terry Smith/Rushmore Servicing, an individual and resident of Texas; Robert McDonald, an individual and resident of Washington; and Matt Ishbia/UWM, an individual and resident of Texas. *Id*. at 3–4.[2]

Shortly after Kauffman filed her Complaint, Bray and Smith moved to dismiss alleging the Court does not have personal jurisdiction over them and, furthermore, that Kauffman's Complaint does not state a plausible cause of action. Dkt. 7.[3]

---

[1] Kauffman's Complaint is handwritten and difficult to read. That said, the Defendants had the Complaint transcribed for the Court's reference. *See* Dkt. 7-1. The transcribed Complaint is the Complaint referred to in this Order.

[2] This information was taken from the Certificate of Service in Kauffman's Complaint.

[3] In conjunction with this Motion, Bray and Smith asked the Court to take judicial notice of the underlying mortgage documents. Dkt. 8. Judicial notice of these specific documents is proper because the Court "may [] examine documents referred to in the complaint, although not attached thereto, without transforming the

(continued)

That same day, Defendants filed a Motion for More Definite Statement asserting Kauffman's Complaint, as written, fails to set forth clear and distinct claims and lacks specific factual allegations against any Defendants. *See generally* Dkt. 9.

The Court sent out its standard notice, alerting Kauffman to her duties as it relates to Defendants' Motions. Dkt. 10. Kauffman responded to Bray and Smith's Motion—two weeks after the appropriate deadline—suggesting dismissal is inappropriate because she properly served a summons on those defendants. Dkt. 11. Kauffman did not respond to Defendants' Motion for More Definite Statement.

Kauffman recently filed a Notice of Violation of Stay and Request for Court Enforcement informing the Court that Defendants continue to send her bills for her mortgage in violation of the "Stay Order." Dkt. 14. There is no stay order in effect in this case. The Court declines to address this filing.

### III. LEGAL STANDARD

#### A. Personal Jurisdiction

When a defendant moves to dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the exercise of personal jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Where, as here, a defendant's motion to dismiss is based on written materials rather than an evidentiary hearing, "the plaintiff

---

motion to dismiss into a motion for summary judgment." *Gilbert v. Bank of Am. Corp.*, 2012 WL 4470897, at *2 (D. Idaho Sept. 26, 2012) (taking judicial notice of a promissory note) (*citing Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005)). The instant documents were referenced by Kauffman in her Complaint and are publicly recorded.

need only make a prima facie showing of jurisdictional facts" to avoid dismissal. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Because Idaho's long-arm statute—Idaho Code Section 5-514—would permit broader jurisdiction than that authorized under the Due Process Clause of the Fourteenth Amendment, the Court need only look to the Due Process Clause to determine personal jurisdiction. *Wells Cargo, Inc. v. Transport Ins. Co.*, 676 F. Supp. 2d 1114, 1119 (D. Idaho 2009). "Thus, under Idaho law, the jurisdictional analysis and the federal due process analysis are the same." *Id*.

The exercise of personal jurisdiction over a defendant comports with due process if the defendant "has 'certain minimum contacts' with the relevant forum such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Sufficient minimum contacts can result in general or specific jurisdiction. *Schwarzenegger*, 374 F.3d at 801. However, unless a "defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in the forum for all purposes, a forum may exercise only 'specific' jurisdiction—that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo! Inc.*, 433 F.3d at 1205.

The Ninth Circuit uses a three-prong test to determine whether a defendant has sufficient minimum contacts for the exercise of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

The plaintiff bears the burden of satisfying the first two prongs of the aforementioned test. *Id.* "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007) (citation modified). "All three prongs must be met to exercise personal jurisdiction over the defendant." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023).

### B. Motion for a More Definite Statement

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations must be clear enough that the defendant has "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). Pro se complaints are construed liberally, but the plaintiff must nonetheless provide sufficient details to put the defendant "on notice of what

each claim is and the factual basis that supports each claim." *Larson v. County of Benewah*, 2018 WL 3758571, at *3 (D. Idaho Aug. 8, 2018). If a complaint is "vague or ambiguous" to the point that the defendant "cannot reasonably prepare a response," the defendant may move for a more definite statement. Fed. R. Civ. P. 12(e). This motion "must point out the defects complained of and the details desired." *Id*

## IV. ANALYSIS

### A. Bray and Smith's Motion to Dismiss (Dkt. 7)

Kauffman has failed to meet her burden of demonstrating the Court should exercise personal jurisdiction over Bray and Smith. As mentioned, Kauffman's Complaint is difficult to understand and confusing at best. The Complaint does not explain how Bray or Smith have minimum contacts in Idaho sufficient to support general or specific jurisdiction.

First, there are no allegations indicating Bray and Smith had contacts in Idaho that were continuous and systematic to the extent either could be deemed present in Idaho. Nor does the Complaint assert Bray and Smith engaged in any conduct that would constitute purposeful availment of Idaho's laws and benefits. Indeed, Kauffman does not allege Bray and/or Smith have any presence in Idaho whatsoever.

Second, it is unclear from Kauffman's Complaint what she is claiming and how it is related to Bray and Smith in any meaningful way. For example, the Complaint seems to be centered around a mortgage and a contract but is written in a way that makes it nearly impossible to decipher what actually took place, what legal theory is at issue, and what relief is requested.

Finally, and critically, there are no allegations in the Complaint that explain how

Bray and Smith are related to, involved with, or liable for the conduct Kauffman complains of.

Simply put, there is nothing in the Complaint that alleges Bray or Smith had any contacts in Idaho or any involvement with the mortgage loan. The only information provided in the Compliant about Bray and Smith is in the caption, listing them both as "party collector/intervenor." Dkt. 7-1, at 1.

For these reasons, Bray and Smith's Motion to Dismiss is GRANTED. Bray and Smith are dismissed WITHOUT PREJUDICE.

**B. Defendants' Motion for More Definite Statement (Dkt. 9)**

Defendants have established that Kauffman's Complaint is vague and ambiguous to the point they cannot reasonably prepare a response.

Kauffman appears to make allegations regarding a mortgage and a contract; however, it is unclear what occurred and what role the various Defendants played in those circumstances. For example, in her Complaint, Kauffman asserts, "No proof was provided that the note and signature did not pay the mortgage in full at the time of closing. No original, authenticated wet ink signature of fully disclosed contract has been revealed." Dkt. 7-1, at 1. Additionally, Kauffman states, "No value of consideration was provided, we gave $900K; based on Law of Equity & Interest value of consideration must be provided from all parties of interest" and that "Demand is hereby made to demand to have authority to collect info for foreign power." *Id*. at 1–2. Kauffman's entire Complaint lacks a coherent sequence, and it is unclear to the Court what is being alleged by Kauffman.

In addition to the lack of claims in the Complaint, there does not appear to be any

factual basis that would support any potential claim. For example, Kauffman asserts, "I do not dispute any of the facts contained in the charging instrument." *Id*. at 2. However, it is entirely unclear to the Court what "facts" and "charging instrument" Kauffman is referring to. Furthermore, Kauffman contends, "This is a transmitting utility to allow you to access my private credit UCC1-308 without prejudice all rights reserved that we have on special deposit on this Birth Certificate Bond." *Id*. The Complaint continues, "We are the holder in due course of the Birth Certificate Bond and we have a claim on it." *Id*. The Complaint is vague and ambiguous and lacks a factual basis that would give context to any assertion made by Kauffman. For these reasons, the Defendants are unable to reasonably prepare a response, and their Motion for a More Definite Statement is GRANTED.

## V. CONCLUSION

Kauffman's Complaint does not explain how Bray and Smith have purposefully availed themselves of the privilege of conducting business in Idaho or that they purposefully directed activities at Idaho. There are also no factual allegations tying them to the conduct Kauffman alleges form the basis of her claim/s. Accordingly, the Court does not have specific or general personal jurisdiction over Bray and Smith. Because of this, the Court will grant Bray and Smith's Motion to Dismiss.

Kauffman's Complaint is vague and difficult to understand to the point the Defendants cannot reasonably prepare a response. Because of this, the Court will grant the Defendants' Motion for a More Definite Statement. This will give Kauffman an opportunity to provide sufficient details of what her claims are and the factual basis that supports each claim.

## VI. ORDER

Now, therefore, it is **HEREBY ORDERED**:

1. Bray and Smith's Motion to Dismiss (Dkt. 7) is **GRANTED.** Bray and Smith are hereby **DISMISSED** from this action **WITHOUT PREJUDICE**. Kauffman may file an Amended Complaint that properly asserts Idaho has jurisdiction over Bray and Smith. Kauffman's Amended Complaint is due within 30 days of the date of this order. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of Bray and Smith with prejudice and without further notice.

2. Defendants' Motion for a More Definite Statement (Dkt. 9) is **GRANTED.**

3. Kauffman may submit an Amended Complaint that clearly states a short and plain statement of each claim. The Amended Complaint should be in a coherent order and include a factual basis supporting each claim. Kauffman's Amended Complaint is due within 30 days of the date of this order. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case with prejudice and without further notice.

DATED: February 26, 2026

David C. Nye
U.S. District Court Judge