UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SARAH BROOKE KAUFFMAN, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT MCDONALD, MATT ISHBIA; JAY BRAY; TERRY SMITH; UWM; NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER; and NATIONSTAR MORTGAGE LLC D/B/A RUSHMORE SERVICING, <br><br> Defendants. | Case No. 1:25-cv-00325-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Sarah Kauffman's Motion for Summary Judgment (Dkt. 17) and Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper and Rushmore Loan Management Services, LLC's (collectively "Defendants") Motion to Dismiss (Dkt. 18).[1]

Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in their briefs. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motions on the record and without oral

---

[1] Kauffman also filed a Motion for Extension of Time, Notice of Health-related Hardship, and Objection to Defendant's Response. Dkt. 22. Kauffman requests the Court's leniency as a pro se party and seeks addition time and accommodation to file documents and litigate this case. *See generally id*. The Court notes there are no deadlines currently at issue that would need to be extended. Additionally, while the Court typically grants extensions and accommodations to pro se parties, there is no need to do so here because the Court is dismissing the case today. Thus, Kauffman's' Motion is DENIED as MOOT.

argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES Kauffman's Motion for Summary Judgment and GRANTS Defendants' Motion to Dismiss. Further leave to amend will not be granted.

## II. BACKGROUND

On May 28, 2025, Kauffman filed a Complaint against multiple Defendants. Dkt. 1-1.[2] Kauffman's allegations are related to the servicing of her mortgage loan. *See generally id*.

Shortly after Kauffman filed her Complaint, two individual Defendants, Bray and Smith, moved to dismiss alleging the Court does not have personal jurisdiction over them and, furthermore, that Kauffman's Complaint does not state a plausible cause of action. Dkt. 7. Defendants also filed a Motion for More Definite Statement asserting Kauffman's Complaint, as written, fails to set forth clear and distinct claims and lacks specific factual allegations against any Defendants. Dkt. 9.

Once briefing was complete, the Court issued a ruling. Dkt. 15. In relevant part, the Court determined it likely did not have personal jurisdiction over Bray and Smith and granted their motion. *Id*. at 6–7. However, the Court allowed Kauffman an opportunity to amend to "properly assert[] Idaho has jurisdiction over Bray and Smith." *Id*. at 9.[3] As for

---

[2] Kauffman's Complaint is handwritten and difficult to read. That said, Defendants had the Complaint transcribed for the Court's reference. *See* Dkt. 7-1. The transcribed Complaint is the Complaint referred to in this Order.

[3] It does not appear Kauffman elected to keep Bray and Smith as defendants as there are no allegations against them in her Amended Complaint and no discussion as to personal jurisdiction. In fact, they are not even listed in the case caption. *See generally* Dkt. 16.

MEMORANDUM DECISION AND ORDER - 2

Defendants' Motion for More Definite Statement, the Court agreed Kauffman's complaint was "vague and difficult to understand." *Id*. at 8. As a result, the Court granted that Motion as well and told Kauffman she needed to "submit an Amended Complaint that clearly states a short and plain statement of each claim." *Id*.

Subsequently, Kauffman filed an Amended Complaint with several attached exhibits (Dkt. 16), as well as a Motion for Summary Judgment (Dkt. 17). In response, Defendants filed a combined Motion to Dismiss for Failure to State a Claim and Motion in Opposition to Kauffman's Motion for Summary Judgment. Dkt. 20. Kauffman replied. Dkt. 21.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, a complaint must satisfy the pleading standard of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint need not contain detailed factual allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

MEMORANDUM DECISION AND ORDER - 3

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation modified).

While pro se complaints are construed liberally, "the plaintiff must nonetheless provide sufficient details to put the defendant 'on notice of what each claim is and the factual basis that supports each claim'" *Jackson v. Peterson*, 2024 WL 4653203, at *1 (D. Idaho Nov. 1, 2024) (quoting *Larson v. County of Benewah*, 2018 WL 3758571, at *3 (D. Idaho Aug. 8, 2018)).

### B.  Motion for Summary Judgment

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of showing the absence of a genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157–158 (1970). The underlying facts are viewed in the light most favorable to the party opposing the motion. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998). Where a summary judgment motion is filed "so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule

MEMORANDUM DECISION AND ORDER - 4

56(d) motion fairly freely." *Jacobson v. United States Dep't of Homeland Sec.*, 882 F.3d 878, 883 (9th Cir. 2018).

## IV. ANALYSIS

### A. Motion to Dismiss

Kauffman's Amended Complaint asserts six causes of action: (1) "TILA Violations;" (2) wrongful foreclosure; (3) quiet title; (4) declaratory relief; (5) "FDCPA Violations;" and (6) "FCRA Violations." *See* Dkt. 16. Each claim appears to be related to a Note Kauffman is a signatory to that was executed in favor of United Wholesale Mortgage, LLC in the amount of $300,000.00. Dkt. 16-1, at 17. The Note was secured by a Deed of Trust recorded in Boise County, Idaho. After failing to make any payments on the Loan, the successor trustee, Robert McDonald, recorded a Notice of Default on March 6, 2025.

In their Motion, Defendants assert each of Kauffman's claims fail as a matter of law. The Court will address each claim in turn.

### 1. Kauffman's TILA Claim

Kauffman first asserts Defendants "failed to provide required disclosures" under the Truth in Lending Act ("TILA"). Dkt. 16, at 1. Defendants assert this claim should be dismissed due to a lack of factual support. The Court agrees.

Kauffman's claim for TILA violations fails to provide any specific support beyond her conclusory statement that Defendants failed to make required disclosures. Dkt. 16, at 1. In the Amended Complaint, no facts are cited as to which disclosures were not made, which Defendant failed to make the disclosures, or when such failure occurred. Reviewing

MEMORANDUM DECISION AND ORDER - 5

the various exhibits attached to both Kauffman's original Complaint and her Amended Complaint provides little further clarification. Without more, the Court cannot find Kauffman has stated a plausible claim for relief under the TILA.

Additionally, to the extent Kauffman is claiming she somehow rescinded the Loan, the Court notes such also fails. Kauffman's only support for her comments about rescission is a scanned copy of the loan documentation with the words "revoked, rescinded and cancelled" written across it in red ink. Dkt. 16, at 12. Beyond this, even if Kauffman did have some right to rescind the loan, nothing she has submitted to the Court shows she properly exercised that right by providing notice to her creditor as required by statute. *See* 15 U.S.C. § 1635(a). As such, this claim does not satisfy Rule 8's requirement that a plaintiff's asserted right to relief be based on more than mere speculation, conclusory allegations, and a recitation of the elements.

### 2. Kauffman's Wrongful Foreclosure Claim

Kauffman's second cause of action is similarly barebones and alleges Defendants lacked authority to foreclose on the subject property. Dkt. 16, at 2.

Under Idaho law, "a wrongful foreclosure action is equated with a cause of action for conversion." *Houpt v. Wells Fargo Bank, Nat. Ass'n*, 370 P.3d 384, 392 (Idaho 2016). The Idaho Supreme Court has held that "a cause of action for attempted wrongful foreclosure does not exist and that an action for wrongful foreclosure does not accrue until after a foreclosure sale is completed and title is 'taken' by the purchaser." *Id*. at 393.

Kauffman's wrongful foreclosure claim fails as a matter of law. First, for a wrongful foreclosure claim to arise, a foreclosure sale must be completed. Such a sale did not occur

MEMORANDUM DECISION AND ORDER - 6

here. Second, Kauffman's claim again only vaguely states her proposition without providing factual support. She states that "Defendants lacked authority" to initiate foreclosure proceedings but cites no specific facts or legal authority to support that claim. Dkt. 16, at 2. This claim also does not meet the requirements of Rule 8 as it contains no facts sufficient to render it facially plausible and it too must be dismissed.

### 3. Kauffman's Quiet Title Claim

Next, Kauffman alleges, briefly, that she "seeks to quiet title against Defendants' claims." *See* Dkt. 16, at 2.

Under Idaho Law, a quiet title claim is "one in which plaintiff asserts his own estate and declares generally that defendant claims some estate in land, without defining it, and avers that claim is without foundation, and calls on defendant to set forth the nature of his claim, so that it may be determined by decree." *Dickerson v. Brewster*, 88 Idaho 330, 336 (1965).

As it stands, Kauffman did none of these things, instead opting to merely state she wishes to quiet title. Dkt. 16, at 2. Indeed, the exhibits attached to the Amended Complaint show the quiet title claim cannot succeed, as they include recorded documentation of a valid interest held by Defendants and that Kauffman has not made any payments on the loan as legally required. Dkt. 16, at 6. As Kauffman failed to provide any specific factual support for the quiet title claim and, in fact, included in her pleading evidence that cuts against her having a legitimate claim, this claim must be dismissed.

### 4. Kauffman's FDCPA Claim

Kauffman's Fair Debt Collection Practices Act ("FDCPA") claim attempts to be

MEMORANDUM DECISION AND ORDER - 7

specific by listing several statutory provisions, but those efforts do not save the claim.

First, as Defendants correctly state, the FDCPA only applies to debt collectors, and for a claim to be actionable, the plaintiff must plead sufficient facts for the court to reasonably conclude that Defendants are debt collectors. Here, Kauffman's only support for her assertion that Defendants acted as debt collectors is the letter attached as Exhibit G, wherein Defendant McDonald stated he may be considered a debt collector. Dkt. 20, at 2.

However, while this may support Kauffman's assertion that Defendants acted as debt collectors and thus the FDCPA may apply, that alone is not enough to make her claim viable.

Second, even if Kauffman pled sufficient facts to support her assertion that Defendants acted as debt collectors, the Amended Complaint also lacks specific allegations of what wrongful actions Defendants allegedly took. While Kauffman cites several sections of the FDCPA, she offers no facts to connect her claim to the cited sections. This claim must be dismissed.

5. *Kauffman's FCRA Claim*

Kauffman's Fair Credit Reporting Act ("FCRA") claim suffers from similar deficiencies as her FDCPA claim. Under the FCRA, a furnisher's duties under § 1681s-2(b) "arise only after the furnisher receives notice of a dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1154 (9th Cir. 2009). Kauffman's Amended Complaint says only that she wrote directly to Defendants to dispute the information. The Amended Complaint does not state she went through a

MEMORANDUM DECISION AND ORDER - 8

consumer reporting agency to dispute any information, that the reporting agency notified the defendants of a dispute, or what the disputed information was. Under these circumstances, Kauffman's FCRA claim fails because she did not use a reporting agency for her dispute which meant that Defendants had no duty to conduct an investigation or correct any incorrect information. This claim fails as a matter of law.

### 6. *Kauffman's Declaratory Relief Claim*

Kauffman's declaratory relief claim appears to be premised on the same theories as her other claims.

First, declaratory judgment or declaratory relief is "a remedy, not an independent cause of action." *Doe v. University of Idaho*, 2024 WL 4308380 at *13 (D. Idaho Sep. 26, 2024).

Second, to the extent the Court needs to adjudicate this claim, as previously explained, each of Kauffman's claims fail for various reasons generally related to insufficient pleading. Thus, this claim must likewise be dismissed.

### 2. **Motion for Summary Judgment**

Kauffman's Motion for Summary Judgment (Dkt. 17) is premature because it was brought before Defendants submitted a response and before discovery occurred. Furthermore, as Defendants point out, Kauffman's Motion does not cite sufficient evidence to support summary judgment. *See generally* Dkt. 18, at 10–11. Due to the early timing of the Motion and Kauffman's failure to show an absence of a genuine dispute about any material fact, Kauffman's Motion for Summary Judgment is DENIED.

MEMORANDUM DECISION AND ORDER - 9

## V. CONCLUSION

Kauffman's Amended Complaint suffers from the same deficiencies as her original Complaint in that there are pervasive issues with each claim lacking factual support. Because the Amended Complaint fails to remedy the shortcomings of the original Complaint, it fails to state a claim of any viable causes of action upon which relief may be granted. Accordingly, the Court will grant the Defendants' Motion to Dismiss Kauffman's Amended Complaint. What's more, because the Court already afforded Kauffman an opportunity to amend the Court will dismiss her Amended Complaint with prejudice and not allow further amendment.

The Court also denies Kauffman's Motion for Summary Judgment.

## VI. ORDER

Now, therefore, it is **HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (Dkt. 18) is GRANTED. Plaintiff's Amended Complaint is hereby DISMISSED WITH PREJUDICE.

2. Kauffman is DENIED leave to further amend.

3. Kauffman's Motion for Summary Judgment (Dkt. 17) is DENIED.

4. Kauffman's Motion for Extension of Time (Dkt. 22) is DENIED as MOOT.

5. This case is CLOSED.

DATED: June 1, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10